**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CONCINNITAS, LLC, AND GEORGE W. HINDMAN,** | |
| Plaintiffs, | CIVIL ACTION NO. 2:16-cv-899 |
| v. | |
| **ZUBIE, INC.,** | JURY TRIAL DEMANDED |
| Defendant. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action for patent infringement in which Concinnitas, LLC ("Concinnitas") and George W. Hindman (collectively "Plaintiffs") make the following allegations against Zubie, Inc. ("Defendant"):

## PARTIES

1. Concinnitas is a limited liability company formed under the laws of the State of Texas with a principle place of business located at 104 East Houston Street, Ste. 170A, Marshall, TX 75670.

2. George W. Hindman is an individual residing in the State of Texas.

3. Defendant Zubie, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 710 Johnnie Dodds Blvd., Mt. Pleasant, SC 29464. Defendant can be served via its registered agent for service of process: National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,805,542

7. On September 28, 2010, United States Patent No. 7,805,542 (the "'542 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Mobile United Attached in a Mobile Environment That Fully Restricts Access to Data Received via Wireless Signal to a Separate Computer in the Mobile Environment." A true and correct copy of the '542 patent is attached hereto as Exhibit A.

8. George W. Hindman is the inventor of the '542 patent and the owner by assignment.

9. Concinnitas is the exclusive licensee of the '542 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '542 patent against infringers, and to collect damages for all relevant times.

10. Defendant directly or through intermediaries, makes, uses, imports, provides, supplies, distributes, sells, and/or offers for sale mobile hotspots for automobiles including the Zubie + In-Car WiFi and Zubie Business + In-Car WiFi, which infringe the '542 Patent.

11. Upon information and belief, Defendant has been and is now infringing claims 9, 14, and 16 of the '542 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, selling and/or offering for sale mobile hotspots for automobiles, *i.e.*, Zubie + In-Car WiFi and Zubie Business + In-Car WiFi (collectively, the "Accused Instrumentality"), covered by one or more claims of the '542 Patent to the injury of Plaintiffs. Defendant is directly infringing, literally infringing, and/or infringing the '542 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '542 Patent pursuant to 35 U.S.C. § 271(a).

12. The Accused Instrumentality infringes claim 9 of the '542 Patent and includes at least one processor; processor readable memory storing instructions and a persistent unique hardware identification that identifies a specific hardware unit, *e.g.*, the Accused Instrumentalities operate on a CDMA based network structure which includes a unique hardware identifier in the form an ESN, MEID, or IMSI number. Furthermore, the Accused Instrumentality includes a data bus interface to transfer data authorized for use by a separate computer system to generate an output display for a mobile user, *e.g.*, a Wi-Fi connection for allowing a user's mobile device to access the internet. The Accused Instrumentality is configured to receive information via an external signal (*i.e.,* a cellular signal) and communicate via the data bus interface a set of data extracted from the information received from the wireless signal (*i.e.*, internet communications received via the cellular signal are communicated to a user's device) and the unique hardware identification is used to fully restrict access to information received at the unit via the wireless

signal by determining if the unit is authorized to pass the information received at that unit via the wireless data signal to the data bus interface (*e.g.*, the ESN, MEID, or IMSI number is used to restrict data access to the Accused Instrumentality.)  *See* Ex. B, Figs. 1 - 4.

13.     The Accused Instrumentality infringes claim 14 and further includes a wireless data bus in the form of a Wi-Fi connection.  *See* Ex. B., Fig. 1.

14.     The Accused Instrumentality infringes claim 16 and further includes a terrestrial wireless signal, *e.g.*, a CDMA cellular signal.  *See* Ex. B, Fig. 1.

15.     As a result of Defendant's infringement of the '542 Patent, Plaintiffs have suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

16.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '542 Patent, Plaintiffs will be greatly and irreparably harmed.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiffs request that the Court find in its favor and against Defendant, and that the Court grant Plaintiffs the following relief:

a.      Judgment that one or more claims of the '542 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose

infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

  b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '542 patent;

  c. Judgment that Defendant account for and pay to Plaintiffs all damages and costs incurred by Plaintiffs, caused by Defendant's infringing activities and other conduct complained of herein;

  d. That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

  e. That this Court declare this an exceptional case and award Plaintiffs reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED August 15, 2016.    Respectfully submitted,

               By: */s/ Hao Ni*
               Hao Ni
               Texas Bar No. 24047205
               hni@nilawfirm.com
               Timothy T. Wang
               Texas Bar No. 24067927
               twang@nilawfirm.com
               Neal G. Massand
               Texas Bar No. 24039038
               nmassand@nilawfirm.com
               Stevenson Moore V
               Texas Bar No. 24076573
               smoore@nilawfirm.com
               Krystal L. McCool

Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFFS
CONCINNITAS LLC AND
GEORGE W. HINDMAN**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 15th day of August, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                 */s/ Hao Ni*
                                 Hao Ni